DAVID S. FOGG *vs.* EPHRAIM W. FARR & another.

A party who introduces an auditor's report at the trial, and relies upon any part of it as evidence, may be properly required to read the whole report; but is not thereby concluded from controlling by other evidence the *prima facie* case made by the auditor's report in other respects.

ACTION OF TORT for the conversion of various tools. The case was referred to an auditor to find and report which of the articles named in the declaration had been taken by the defendants and afterwards demanded of them by the plaintiff, and the value of such articles.

At the trial in the superior court, the plaintiff, after offering other evidence of the value of the various articles, "introduced the auditor's report, but offered it only as evidence of the

Fogg *v*. Farr & another.

demand upon the defendants, and of the articles converted by them, and did not put in the finding of the auditor as to the value of any of the articles." *Brigham*, J. thereupon ruled that the auditor's report, being so put in, was put in for all its findings; and instructed the jury that the plaintiff, having offered in evidence the auditor's report, and the finding of the auditor upon the value of the articles, could recover no more than their value as indicated by the auditor's report; that the auditor's report was *prima facie*, and as to the plaintiff conclusive, evidence of the value of these articles; but the jury might consider any other evidence of their value, offered by the plaintiff, or in the case, as tending to show that their value was not less than the value found by the auditor.

The jury returned a verdict for the plaintiff, assessing damages upon the basis of the value found by the auditor, and the plaintiff alleged exceptions.

*W. L. Burt*, for the plaintiff.

*W. Gaston & O. G. Peabody*, for the defendants.

BIGELOW, C. J. The plaintiff, if he relied on the report of the auditor as evidence at all, was properly required to read the whole of it. But by so doing he was not precluded from showing that in certain particulars in regard to which the finding was adverse to him the report was erroneous. As to those particulars, it was only *prima facie* evidence against him, and not conclusive. Such is the rule as established by *St.* 1856, *c.* 202, and re-enacted in the Gen. Sts. *c.* 121, § 46. So far therefore as the report was in favor of the plaintiff, it made out a *prima facie* case in his behalf; and so far as it was adverse, it established a *prima facie* case for the defendant, and made it incumbent on the plaintiff to overcome it by other proof. This is a convenient and reasonable rule, and one of which the defendant in the present case had no reason to complain. The effect of the ruling at the trial was to deprive the plaintiff of his right to go to the jury on that part of his case as to which the auditor had found against him. *Exceptions sustained.*